UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:

| | |
|---|---|
| A. MICHAEL DAVALLOU,<br>　　　　　　Plaintiff,<br><br>v.<br><br>ANCIENT & HONORABLE ARTILLERY COMPANY OF MASSACHUSETTS, EMERY A. MADDOCKS, JR. and UNITED STATES OF AMERICA,<br>　　　　　　Defendants. | **COMPLAINT** |

　　　　Plaintiff A. Michael Davallou ("Plaintiff"), by counsel, for his Complaint, states as follows:

### Jurisdiction

1. The amount in controversy in regard to the claim that is the basis of this Complaint is in excess of $75,000.00, exclusive of interest and costs.

2. As against defendants Ancient and Honorable Artillery Company of Massachusetts and Emery A. Maddocks, Jr., this action is brought pursuant to 28 U.S.C. 1332(a)(1), so-called diversity of citizenship jurisdiction.

3. As against the defendant United States of America, this action is brought pursuant to 28 U.S.C. § 1346(b)(1), which vests exclusive subject matter jurisdiction of such litigation in the Federal District Court.

### Venue

4. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(e)(1)(B), as that is where a substantial part of the events or omissions giving rise to the claim occurred.

### Nature of the Action

5. This is an action for money damages for personal injury suffered by plaintiff A. Michael Davallou, on June 1, 2015 on Boston Common, in Boston, Massachusetts. During a public ceremony arranged and supervised by the Ancient & Honorable Artillery Company of Massachusetts, the Massachusetts Army National Guard, acting as employees of the United States of America, fired military artillery in close proximity to Mr. Davallou. The noise exposure and/or sonic waves from the artillery fire caused serious and permanent injury to Mr. Davallou.

## The Parties

6. Plaintiff A. Michael Davallou is an individual residing at 11687 Montana Avenue, #301, Los Angeles, California 90049, and is a citizen of the State of California.

7. Defendant Ancient & Honorable Artillery Company of Massachusetts ("AHAC") is a corporation chartered or established by a special act of incorporation by the Commonwealth of Massachusetts, with a principal place of business at Faneuil Hall, 4 South Market, Boston, Massachusetts 02109, and is a citizen of said Commonwealth.

8. Emery A. Maddocks, Jr. ("Maddocks") is an individual residing at 175 Brook Street, Hanson, MA 02341, at all times relevant to the Complaint was Executive Secretary of defendant AHAC, and is a citizen of the Commonwealth of Massachusetts.

9. At all times relevant to the Complaint, Defendant United States of America acted through the Massachusetts Army National Guard ("MANG"), whose members are by statute considered employees of the federal government when engaged in certain training or duty.

## Statutory Basis of Liability

10. Pursuant to 28 U.S.C. § 2671, the members or employees of MANG who committed the acts or omissions upon which liability is based were acting as employees of the United States of America, as, on information and belief, they were fulfilling duties pursuant to 32 U.S.C. § 502 at all times relevant to the Complaint.

11. The case against the United States of America is brought pursuant to 28 U.S.C. § 2671 *et seq*, commonly referred to as the "Federal Tort Claims Act". Liability is predicated specifically on 28 U.S.C. §2674, as the personal injuries and resulting damages that form the basis for the Complaint were proximately caused by the negligence of the aforementioned employees of the United States of America while acting within the course and scope of their employment, under circumstances where the United States of America, if a private person, would be liable to the plaintiff in the same manner and to the same extent as a private individual under the laws of the Commonwealth of Massachusetts.

## Presentment

12. Pursuant to 28 U.S.C. § 2675, the claims against the defendant United States of America described in this Complaint were presented to the appropriate federal agency of said defendant, namely the Department of the Army, and received by it on May 24, 2017. Said defendant failed to respond with a written denial or offer of settlement within six months of said date.

13. Plaintiff received no notice pursuant to 28 CFR §14.2(b)(1) that: a) presentment of the subject claims was improperly made to the Department of the Army; b) the presentment of claims was being transferred to the appropriate agency; or c) that that it was not feasible to so transfer the presentment of claims.

## Facts Alleged

14. The defendant AHAC claims to be the oldest chartered military organization in the Western Hemisphere, though at all times relevant to the Complaint it had no military function.

15. Every June from at least 2010 up to and including 2014, defendant AHAC conducted a public ceremony which it calls the "Change of Command Ceremony" ("the ceremony"), during which it celebrates its annual change of officers.

16. The ceremony is organized, directed, arranged, supervised and controlled by defendant AHAC, and is held annually on Boston Common in the City of Boston, Massachusetts ("the City").

17. As part of the ceremony each year at least from 2010 up to and including 2014, defendant AHAC arranged for military artillery to be fired within Boston Common, and in the presence of members of the public who were on said Common at the time of firing.

18. The level of noise produced by the firing of said military artillery at the ceremony each year at least from 2010 up to and including 2014 was more than twice the legal limit for noise within the City as established by the City.

19. The level of noise and/or sonic waves produced by the firing of said military artillery at the ceremony each year at least from 2010 up to and including 2014 was sufficient to cause tinnitus, permanent damage to hearing, and other injury to human beings.

20. Each year from at least 2010 up to and including 2014, MANG provided, operated and fired the military artillery used in the ceremony.

21. Prior to June 2015, defendant AHAC, through its Executive Secretary Defendant Maddocks, applied to the City for a permit to conduct the ceremony on Boston Common on June 1, 2015 ("the permit").

22. At the time of submission to the City of the application for the permit, MANG, defendant Maddocks and defendant AHAC (through other officers and agents the identity of whom is currently unknown to Plaintiff), knew or should have known that the firing of military artillery on June 1, 2015 within the Boston Common would create noise and sonic waves of sufficient levels to cause permanent damage to members of the public who were present on said Common at the time of firing.

23. Prior to June 1, 2015 the application for the permit was granted by the City.

24. On June 1, 2015, defendant AHAC conducted the ceremony on Boston Common, which ceremony was organized, directed, arranged, supervised and controlled by said defendant AHAC, including by its Executive Secretary defendant Maddocks, and by other agents, servants and/or employees of defendant AHAC as yet unknown to plaintiff..

25. On June 1, 2015, plaintiff was a visitor to the City, and wandered onto Boston Common during the ceremony.

26. There were no warnings provided to any members of the public present on Boston Common on June 1, 2015, including plaintiff, prior to any firing of military artillery, that there would be such firing that would produce noise and sonic waves at levels sufficient to cause tinnitus, permanent damage to hearing, or other injury to human beings.

27. Prior to the actual firing of the military artillery on June 1, 2015, plaintiff was unaware that such firing was going to occur.

28. On June 1, 2015, as part of the ceremony, MANG fired military artillery on Boston Common and in the presence of members of the public including plaintiff.

29. At the time it fired the military artillery on June 1, 2015 as aforesaid, MANG was, on information and belief, assembling for drill and instruction and/or participating in training at encampments, maneuvers, or other exercises or otherwise fulfilling duties under regulations prescribed by the Secretary of the Army pursuant to 32 U.S.C. § 502.

30. At the time it fired the military artillery on June 1, 2015 as aforesaid, the members or employees of MANG who fired that artillery were acting as employees of the United States of America, pursuant to 28 U.S.C. § 2671.

31. Prior to said firing of artillery, none of the defendants nor any other person, firm or entity made reasonable effort to keep members of the public including plaintiff a safe distance from said artillery such that the noise and sonic waves produced by the firing of said artillery would not present a risk of serious injury to said persons.

32. Upon the firing of the artillery as aforesaid on June 1, 2015, and as a result of the noise and/or sonic waves produced by same, plaintiff was caused to suffer serious and permanent personal injury.

## COUNT I (AHAC)

33. Plaintiff reaffirms and realleges Paragraphs 1 through 32 above as if specifically affirmed and alleged herein.

34. Defendant AHAC was negligent, including but not limited to by virtue of:

> a. its causing, directing, arranging, organizing, supervising and controlling the firing of military artillery in close proximity to civilians in a public park when it knew or should have known that such firing would produce noise and sonic

4

waves sufficient to create a risk of severe and permanent injury to members of the public including plaintiff;

b. its failure to warn members of the public including plaintiff of said risk; and,

c. its failure to keep members of the public including plaintiff outside the zone of danger created by said risk, during the firing of said military artillery.

35. As a direct and proximate result of said negligence by defendant AHAC, plaintiff was caused to suffer serious and permanent injury, including but not limited to hearing loss and tinnitus, which injury has caused plaintiff to suffer and continue to suffer pain of body and mind, incur and continue to incur medical expenses, and to suffer and continue to suffer economic loss.

**WHEREFORE, PLAINTIFF A. MICHAEL DAVALLOU DEMANDS JUDGMENT IN THE AMOUNT OF TEN MILLION DOLLARS ($10,000,000) AGAINST DEFENDANT ANCIENT & HONORABLE ARTILLERY COMPANY OF MASSACHUSETTS, PLUS INTEREST AND COSTS.**

### COUNT II (MADDOCKS)

36. Plaintiff reaffirms and realleges Paragraphs 1 through 35 above as if specifically affirmed and alleged herein.

37. Defendant Maddocks was negligent, including but not limited to by virtue of:

a. his causing, directing, arranging, organizing, supervising and controlling the firing of military artillery in close proximity to civilians in a public park when he knew or should have known that such firing would produce noise and sonic waves sufficient to create a risk of severe and permanent injury to members of the public including plaintiff;

b. his failure to warn members of the public including plaintiff of said risk; and,

c. his failure to keep members of the public including plaintiff outside the zone of danger created by said risk, during the firing of said military artillery.

38. As a direct and proximate result of said negligence by defendant Maddocks, plaintiff was caused to suffer serious and permanent injury, including but not limited to hearing loss and tinnitus, which injury has caused plaintiff to suffer and continue to suffer pain of body and mind, incur and continue to incur medical expenses, and to suffer and continue to suffer economic loss.

**WHEREFORE, PLAINTIFF A. MICHAEL DAVALLOU DEMANDS JUDGMENT IN THE AMOUNT OF TEN MILLION DOLLARS ($10,000,000) AGAINST DEFENDANT EMERY A. MADDOCKS, JR., PLUS INTEREST AND COSTS**

## COUNT III (USA)

39. Plaintiff reaffirms and realleges Paragraphs 1 through 38 above as if specifically affirmed and alleged herein.

40. Defendant United States of America was negligent, including but not limited to by virtue of:
    a. MANG's firing of military artillery in close proximity to civilians in a public park when it knew or should have known that such firing would produce noise and sonic waves sufficient to create a risk of severe and permanent injury to members of the public including plaintiff;
    b. MANG's failure to warn members of the public including plaintiff of said risk; and,
    c. MANG's failure to keep members of the public including plaintiff outside the zone of danger created by said risk, during the firing of military artillery.

41. As a direct and proximate result of said negligence by defendant United States of America, plaintiff was caused to suffer serious and permanent injury, including but not limited to hearing loss and tinnitus, which injury has caused Plaintiff to suffer and continue to suffer pain of body and mind, incur and continue to incur medical expenses, and to suffer and continue to suffer economic loss.

**WHEREFORE, PLAINTIFF A. MICHAEL DAVALLOU DEMANDS JUDGMENT IN THE AMOUNT OF TEN MILLION DOLLARS ($10,000,000) AGAINST DEFENDANT UNITED STATES OF AMERICA, PLUS COSTS.**

**PLAINTIFF DEMANDS TRIAL BY JURY ON COUNTS I AND II OF THE COMPLAINT**

Dated: April 26, 2018

                Plaintiff,
                By his attorneys,

                */s/ Scott E. Charnas*
                Scott E. Charnas, MA BBO No. 081240
                CHARNAS LAW FIRM, P.C.
                1 State Street, Suite 1500
                Boston, MA 02109
                Tel: 617-557-4700
                Fax: 617-557-9199
                Email: scharnas@charnaslawfirm.com