UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
A. MICHAEL DAVALLOU,                )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )        Civil Action No. 18-10822-LTS
                                    )
ANCIENT & HONORABLE                 )
ARTILLERY COMPANY OF                )
MASSACHUSETTS, EMERY A.             )
MADDOCKS, JR., and UNITED STATES    )
OF AMERICA,                         )
                                    )
        Defendants.                 )
_____)


REPORT AND RECOMMENDATION
ON GOVERNMENT'S MOTION TO DISMISS
[Docket No. 20]

May 23, 2019

Boal, M.J.

        Plaintiff A. Michael Davallou alleges that defendants, Ancient & Honorable Artillery

Company of Massachusetts ("AHAC"), Emery A. Maddocks, Jr. and the United States of

America, fired "military artillery" in connection with an annual ceremonial salute that caused

Davallou permanent hearing damage.  Docket No. 1 ("Compl.").[1]  The government has moved to

dismiss the complaint.  Docket No. 20.  For the following reasons, the undersigned recommends[2]

that the District Judge grant the motion.

_____

[1] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket.
They reference the docket number assigned by CM/ECF, and include pincites to the page
numbers appearing in the top right corner of each page within the header appended by CM/ECF.
[2] On November 19, 2018, the District Judge referred this case to the undersigned for full pretrial
management and a report and recommendation on dispositive and non-dispositive motions.
Docket No. 29.

I.   PROCEDURAL HISTORY

On April 27, 2018, Davallou filed the instant complaint, in which he alleges negligence against the United States, acting through the Massachusetts Army National Guard ("MANG"),[3] pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.   Compl. ¶¶ 9, 11, 14, 33-41.   On September 20, 2018, the government filed a motion to dismiss.   Docket No. 20. Davallou opposed the motion and the government filed a reply brief.   Docket Nos. 24, 28.   This Court heard oral argument on May 1, 2019.

II.   FACTS[4]

Every June, between at least 2010 and 2014, AHAC held a change of command ceremony on the Boston Common in Boston, Massachusetts.   Id. ¶¶ 15, 16.   The ceremony celebrated AHAC's annual change of officers and involved the firing of military artillery in the presence of members of the public.   Id. ¶¶ 15, 17.   Davallou alleges that during the ceremony, which was controlled by AHAC, MANG provided and fired the military artillery.   Id. ¶¶ 16, 20. Davallou further alleges that when fired, the artillery produced a level of noise more than twice the City of Boston's legal limit, which is sufficient to cause permanent hearing damage.   Id. ¶¶ 18, 19.   On June 1, 2015, Davallou was present on the Boston Common during the ceremony, and consequently alleges that he suffered serious and permanent injury.   Id. ¶¶ 25, 32.

---

[3] For purposes of the motion to dismiss only, the United States concedes that the MANG guardsmen were acting as federal employees at the time of the incident.   Docket No. 21 at 2 n.2, 3 n.4.   Whether a national guardsman is acting as a state or federal employee at the time of a particular incident is a complicated question.   See Charles v. Rice, 28 F.3d 1312, 1315 (1st Cir. 1994).

[4] Because this case is presently before this Court on a motion to dismiss, this Court sets forth the facts taking as true all well-pleaded allegations in the complaint and drawing all reasonable inferences in Davallou's favor.   See Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

Davallou alleges that MANG was negligent for reasons including (1) failure to warn the public of the risk; and (2) failure to keep members of the public outside of the zone of danger. Id. ¶¶ 26, 31.

III.   DISCUSSION

A.   Standard Of Review

Federal courts are courts of limited jurisdiction. Destek Grp., Inc. v. State of N.H. Pub. Util. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003) (noting that the Constitution expressly limits the power of lower courts). The proper vehicle for challenging a court's subject matter jurisdiction, including a challenge based on sovereign immunity, is Rule 12(b)(1) of the Federal Rules of Civil Procedure. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001); see also Adams v. Mass. Dep't of Revenue, Child Support Enf't Div., 510 F. Supp. 2d 157, 159 (D. Mass. 2007). Here, the government has moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) because it fails to state a claim on which relief can be granted. In particular, it argues that there is no waiver of sovereign immunity because the discretionary function exception to the FTCA applies and there is no private person analog for liability. This Court finds that the motion is properly decided under Rule 12(b)(1) because the grounds on which the government moves are jurisdictional. See McCloskey v. Mueller, 446 F.3d 262, 266-70 (1st Cir. 2006).

The party claiming that there is jurisdiction carries the burden of showing that the court has jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When considering a motion to dismiss under Rule 12(b)(1), "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996) (citation omitted). A

court may also consider matters outside the pleadings.  <u>Gonzalez v. United States</u>, 284 F.3d 281, 288 (1st Cir. 2002) ("While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion.").  Therefore, this Court will consider a U.S. Army manual provided by Davallou, Docket No. 24-1, as well as factual statements made by the United States that are not contained in the complaint.  <u>See, e.g.</u>, Docket No. 28 at 6 & n.4.

      B.  This Court Lacks Subject Matter
          <u>Jurisdiction Over Davallou's FTCA Claim</u>

Under the doctrine of sovereign immunity, the United States is immune from suit unless it has consented to be sued.  <u>Skwira v. United States</u>, 344 F.3d 64, 72 (1st Cir. 2003) (citing <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980)).  However, the FTCA provides a limited waiver of sovereign immunity for tort actions against the United States.  <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 700 (2004).  Specifically, the FTCA permits individuals to sue the government

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  "As with all waivers of sovereign immunity, the FTCA must be 'construed strictly in favor of the federal government, and must not be enlarged beyond such boundaries as its language plainly requires.'"  <u>Bolduc v. United States</u>, 402 F.3d 50, 56 (1st Cir. 2005) (citation omitted).  The government argues that this Court lacks subject matter jurisdiction over the FTCA claim here because the waiver of the United States' sovereign immunity does not extend to matters that are committed to the discretion of federal actors nor to acts for which there is no liability for private persons under state law.  Docket No. 20.

1.    <u>Discretionary Function Exception</u>

Any waiver of sovereign immunity under the FTCA does not apply to "discretionary

functions."  Section 2680(a) provides that the FTCA shall not apply to:

> (a) Any claim based upon an act or omission of an employee of the
> Government, exercising due care, in the execution of a statute or
> regulation, whether or not such statute or regulation be valid, or based
> upon the exercise or performance or the failure to exercise or perform
> a discretionary function or duty on the part of a federal agency or an
> employee of the Government, whether or not the discretion involved
> be abused.

28 U.S.C. § 2680(a).  Therefore,

> [e]ven where the government conduct would create state tort liability in a
> suit against a private party, the FTCA provides that sovereign immunity is
> not waived if the challenged governmental action involved the exercise of
> discretion.  28 U.S.C. § 2680(a).  This provision is known as the
> discretionary function exception.  In general, that exception, in turn, is
> inapplicable if the government action is contrary to the requirements of
> Federal law.  <u>United States v. Gaubert</u>, 499 U.S. 315, 324-25, 111 S. Ct.
> 1267, 113 L.Ed.2d 335 (1991).

<u>Abreu v. United States</u>, 468 F.3d 20, 23 (1st Cir. 2006).  In carving out this exception, Congress

intended to prevent courts from second-guessing the discretionary choices of federal agents who

implement the government's policy choices.  <u>Hajdusek v. United States</u>, 895 F.3d 146, 153 (1st

Cir. 2018); <u>see</u> <u>United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)</u>,

467 U.S. 797, 814 (1984).

The Supreme Court has promulgated a two-part test to determine when the discretionary

function exception applies: "first, whether the act had an element of choice so that no federal

statute, rule, or regulation specifically prescribes how the agency must act; second, whether the

act in question is based on public policy considerations or 'susceptible to policy analysis.'"

<u>Mahon v. United States</u>, 865 F. Supp. 2d 143, 147 (D. Mass. 2012), <u>aff'd</u>, 742 F.3d 11 (1st Cir.

2014) (citing <u>Gaubert</u>, 499 U.S. at 324-25).  "There is no 'requirement that the government, as a

prerequisite to invoking the discretionary function exception, demonstrate that a policy judgment was made.  The discretionary function exception applies to all acts and omissions that are susceptible to policy analysis, whether or not that analysis has been performed on a given occasion.'"  Mahon, 865 F. Supp. 2d at 147 (quoting Fothergill v. United States, 566 F.3d 248, 253 (1st Cir. 2009)).  If an action meets both prongs of the discretionary function test and therefore falls within that exception, even an abuse or negligent exercise of discretion is not actionable.  McCloskey v. Mueller, 385 F. Supp. 2d 74, 80 (D. Mass. 2005), aff'd, 446 F.3d 262 (1st Cir. 2006).

Davallou challenges two discrete actions on the part of the government: its alleged failure to (1) warn him of a specific, known health hazard, namely the possibility of hearing impairment as a result of its firing artillery; and (2) maintain a safety zone for bystanders during such firing. Docket No. 24 at 8.[5]  He concedes that these actions are discretionary.[6]  Id. at 10.  Accordingly, for purposes of deciding the motion to dismiss, the first part of the discretionary function exception is met.

With respect to the second prong, Davallou bears the burden of demonstrating that the government's conduct was not susceptible to policy analysis.  See Evans v. United States, 876 F.3d 375, 383 (1st Cir. 2017).  The word "susceptible" is critical.  A court must not ask whether the alleged federal tortfeasor was in fact motivated by a policy concern, but rather whether the decision in question was of the type that policy analysis could inform.  Hajdusek, 895 F.3d at

---

[5] The government cites to a lengthier list of potentially discretionary acts that form the basis of Davallou's complaint.  Docket No. 21 at 10-11.  Davallou's brief makes clear that his allegations against the government are based on only two acts.  Docket No. 24 at 8.
[6] For this reason, this Court need not address the government's arguments pertaining to Boston city ordinances or Army regulations.

150. The law presumes that it is. Mahon, 742 F.3d at 16. Therefore, Davallou must rebut that presumption, which he has not done.

Here, choosing whether and how to provide warnings and/or safe zones for bystanders during the ceremonial firing of artillery involves decisions about which reasonable people could differ. The government cites to the following considerations that make the decisions susceptible to policy analysis: potential harm to third persons, enhancement of public relations, support of historical and ceremonial functions, resources, and military training. Docket No. 28 at 7. The potential policy decisions here could have been informed by a need to balance all those factors. In other words, those choices are readily susceptible to policy analysis. So long as there is room for differing policy judgments, there is discretion of the type and kind shielded by Section 2680(a). Fothergill, 566 F.3d at 253 (citing Berkovitz v. United States, 486 U.S. 531, 537 (1988); Shansky v. United States, 164 F.3d 688, 692-93 (1st Cir. 1999)). Such is the case here.

Davallou has failed to carry his burden to convince this Court otherwise. Rather, he argues that the government did not make the correct policy decisions. He cites to a 2014 U.S. Army pamphlet regarding hearing loss prevention. See Docket No. 24-1. He then argues that the government made the decisions at issue in the case in the face of "known health hazards." Docket No. 24 at 10. He also states that the challenged conduct cannot be justified based on, for example, "policy considerations of aesthetics versus safety." Id. at 11. That is not the correct test. The question, for purposes of determining if the discretionary function exception should apply, is whether the decision is susceptible to policy analysis, not whether such analysis was correctly applied. To the extent that Davallou argues that the government exercised its discretion negligently, that argument is to no avail. If the subject actions satisfy the exception to sovereign immunity, the exception applies whether the decision maker acted negligently or abused the

granted discretion.  Fothergill, 566 F.3d at 254.  Accordingly, the discretionary function

exception to the FTCA applies and this Court lacks subject matter jurisdiction over the claim.

> ### 2.  FTCA And "Private Person" Analogy

Even if the conduct at issue were not protected by the discretionary function exception,

this Court lacks jurisdiction over the FTCA claim under the "private person" analogy.  Courts

only have jurisdiction to hear FTCA claims against the United States where its liability is

coextensive with that of a "private individual under like circumstances."  28 U.S.C. § 2674;

Soto-Cintron v. United States, 901 F.3d 29, 33 (1st Cir. 2018); McCloskey, 385 F. Supp. 2d at

81.  "This requirement is to be read liberally."  Soto-Cintron v. United States, 227 F. Supp. 3d

178, 183 (D.P.R. 2017), aff'd, 901 F.3d 29 (1st Cir. 2018).  As the Supreme Court has stressed,

the phrase "like circumstances" does not restrict a court's inquiry to the same circumstances, but

rather requires it to look further afield for "private person" analogies to the conduct in question.

Id. (citing United States v. Olson, 546 U.S. 43, 46 (2005)); see Indian Towing Co. v. United

States, 350 U.S. 61, 64, 67 (1955) (The "presence of identical private activity" is not required to

find a private analog because the FTCA's statutory phrase "under like circumstances" does not

mean "under the same circumstances.") (emphasis in original).  "[F]or liability to arise under the

FTCA, a plaintiff's cause of action must be comparable to a cause of action against a private

citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true,

must satisfy the necessary elements of that comparable state cause of action."  Abreu, 468 F.3d

at 23 (citations and internal punctuation omitted).  The fact that a case involves a peculiarly

governmental function does not necessarily preclude FTCA coverage.  Butt v. United States, 714

F. Supp. 2d 217, 218 (D. Mass. 2010) (citing Sea Air Shuttle Corp. v. United States, 112 F.3d

532, 536 (1st Cir. 1997)).  However, Davallou must identify a basis for holding a private person

liable in tort for acts comparable to those alleged here.

In this case, the analysis must be performed under Massachusetts law because all the

allegedly tortious acts occurred in Massachusetts.  See Bolduc, 402 F.3d at 56 (citing 28 U.S.C. §

1346(b)(1); FDIC v. Meyer, 510 U.S. 471, 478 (1994)) (citation omitted).  To maintain a cause

of action for negligence in Massachusetts, a plaintiff must show (1) a duty of reasonable care on

the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct

and the injury; and (4) an actual loss or damage as a result of the injury.  Matouk v. Marriott

Hotel Servs., Inc., No. 11-12294-LTS, 2013 WL 6152333, at *1 (D. Mass. Nov. 21, 2013) (citing

Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 (2009)).

Davallou maintains that the most analogous "private person" is one handling a dangerous

instrumentality in a public setting.  Docket No. 21 at 3-6.  He specifically claims that a private

person can purchase and fire a working reproduction military howitzer, and if that person does so

and injures a bystander, he or she would be civilly liable under Massachusetts negligence law.

Id. at 13.  He also argues that Massachusetts law imposes a heightened duty of care on persons

dealing with dangerous instrumentalities, such as firearms.  Docket No. 24 at 14 (citing to Jupin

v. Kask, 447 Mass. 141, 151 (2006)).  Accordingly, Davallou argues that the government is

liable under the FTCA.

This Court disagrees.  First, Davallou incorrectly cites to the duty imposed by Jupin on

gun owners.  The private analog requirement, however, focuses on liability.  28 U.S.C. §

1346(b)(1).  Second, in the most comparable cases, courts have applied state immunity statutes

to suits alleging torts by members of the National Guard.  For example, in Ecker v. United

States, the U.S. Court of Appeals for the Fifth Circuit concluded that the Mississippi Emergency

Management Law ("MEML") immunized a National Guard member involved in a car accident from Mississippi tort liability and, in turn, the FTCA.  Ecker, 358 Fed. Appx. 551, 552-53 (5th Cir. 2009).  The Fifth Circuit explained that "[t]reating the United States as a private individual in similar circumstances, that is, as a private individual engaged in emergency management activities for the state of Mississippi, means the United States is also immune under [the MEML]."  Id. at 553; see also Lumpkin v. Lanfair, No. 09-6248, 2010 WL 3825427, at *4-5 (E.D. La. Sept. 23, 2010) (same under Louisiana law).

 Massachusetts similarly has a law, M.G.L. c. 33, § 53, which immunizes officers and enlisted persons for civil liability arising from damage to property or injury that they cause while performing military duties.[7]  Due to M.G.L. c. 33, § 53's grant of immunity, it appears that this Court lacks subject matter jurisdiction over the FTCA claim.

Davallou has cited no contrary authority.  Instead, he argues that M.G.L. c. 33, § 53 is not dispositive of the private person analog because it does not pertain to "private persons" and would "effectively superimpose a 'state actor' standard over the 'private person' standard," rendering that standard meaningless.  Docket No. 24 at 5-6.

---

[7] M.G.L. c. 33, § 53 provides:

> [n]o officers or enlisted persons shall be liable, either civilly or criminally, for any damage to property or injury to any person, including consequential death, caused by them or by their order, while performing any military duty lawfully ordered under this chapter, unless the act or order causing such damage or injury was manifestly beyond the scope of the authority of such officers or enlisted persons and except as otherwise provided by chapter 258.

M.G.L. c. 33, § 53.  An "Enlisted person" is defined as "a member, other than a commissioned officer or a warrant officer, in the military forces of the commonwealth."  M.G.L. c. 33, § 1.  "Military forces of the commonwealth" includes the "organized militia" and "members of the unorganized militia."  Id.  The "organized militia" is composed of, inter alia, the "armed forces of the commonwealth," which consists of the active and inactive national guard.  M.G.L. c. 33, §§ 4, 10.

However, the First Circuit has framed the inquiry as follows:

> The search for analogous state-law liability is circumscribed by the explicit language of the FTCA, which restricts that search to private liability.  In other words, we must look for "some relationship between the governmental employee[ ] and the plaintiff to which state law would attach a duty of care in purely private circumstances." The flip side of this coin is that we are not at liberty to derive analogues from instances in which state law enforcement officers—and only state law enforcement officers—would be liable under state law.

McCloskey, 446 F.3d at 267 (citations omitted; emphasis in original).  To the extent the challenged actions here have no private counterpart in state law, FTCA liability cannot result.

See Bolduc, 402 F.3d at 57; McCloskey, 446 F.3d at 267.  For all of these reasons, this Court finds that the private person analog requirement of the FTCA precludes jurisdiction over the claims against the United States.

IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge grant the motion to dismiss.

V.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999);

<u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983

F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge
